UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SCARLET A.,[1]

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 23–cv–01962–ESK

OPINION

**KIEL, U.S.D.J.**

    **THIS MATTER** is before the Court on plaintiff Scarlet A.'s appeal (ECF No. 1) from the final decision of the Commissioner of the Social Security Administration denying plaintiff's application for Social Security Disability Insurance Benefits (ECF No. 3–2 pp. 2, 16–25). For the following reasons, the Commissioner's decision will be **AFFIRMED**.

    **I.   BACKGROUND**

    Because the record is voluminous, I set forth only those facts that are necessary for context and are relevant to the issues on appeal.

    On December 20, 2018, plaintiff filed an application for benefits. (ECF No. 3–2 pp. 2, 3.) The application was denied initially on March 13, 2019 and on reconsideration on July 24, 2020. (*Id.* p. 16.) An Administrative Law Judge (ALJ) held hearings on January 26, 2021, July 6, 2021, and February 18, 2022, at which plaintiff and a vocational expert testified. (*Id.* pp. 36–75.) On

---

[1] Due to the significant privacy concerns in Social Security cases, any nongovernmental party will be identified and referenced solely by first name and last initial in opinions issued in the United States District Court for the District of New Jersey. *See* D.N.J. Standing Order 2021-10.

March 30, 2022, the ALJ issued a decision unfavorable to plaintiff, concluding that she was not disabled within the meaning of the Social Security Act. (*Id.* pp.16–25.) On February 10, 2023, the Appeals Council denied plaintiff's request for review, making the March 2022 decision the Commissioner's final decision. (*See* ECF No. 7.)

## II. LEGAL STANDARD

### A. Standard Governing Benefits

The Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. §404.1520(a)(4). "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010). The analysis proceeds as follows:

> At step one, the ALJ determines whether the claimant is performing "substantial gainful activity." 20 C.F.R. §§404.1520(a)(4)(i), 416.920(a)(4)(i). If [the claimant] is, [the claimant] is not disabled. *Id.* Otherwise, the ALJ moves on to step two.
>
> At step two, the ALJ considers whether the claimant has any "severe medically determinable physical or mental impairment" that meets certain regulatory requirements. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A "severe impairment" is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* §§404.1520(c), 416.920(c). If the claimant lacks such an impairment, [the claimant] is not disabled. *Id.* §§404.1520(a)(4)(ii), 416.920(a)(4)(ii). If [the claimant] has such an impairment, the ALJ moves on to step three.
>
> At step three, the ALJ decides "whether the claimant's impairments meet or equal the requirements of an impairment listed in the regulations" [(Listings)]. *Smith*, 631 F.3d at 634. If the claimant's impairments do, [the

2

> claimant] is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If [the claimant does] not, the ALJ moves on to step four.
>
> At step four, the ALJ assesses the claimant's "residual functional capacity" (RFC) and whether he can perform his [or her] "past relevant work." *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). A claimant's "[RFC] is the most [the claimant] can still do despite [the claimant's] limitations." *Id.* §§ 404.1545(a)(1), 416.945(a)(1). If the claimant can perform … past relevant work despite [the claimant's] limitations, [the claimant] is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If [the claimant] cannot, the ALJ moves on to step five.
>
> At step five, the ALJ examines whether the claimant "can make an adjustment to other work[,]" considering his "[RFC,] … age, education, and work experience." *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). That examination typically involves "one or more hypothetical questions posed by the ALJ to [a] vocational expert." *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984). If the claimant can make an adjustment to other work, [the claimant] is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If [the claimant] cannot, [the claimant] is disabled.

*Hess v. Comm'r of Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019).

### B. Standard of Review

A reviewing court may enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Factual findings, "if supported by substantial evidence, shall be conclusive." *Id.*; *see also Appau v. Comm'r Soc. Sec.*, 847 F. App'x 149, 151 (3d Cir. 2021) ("Like the District Court, we must uphold a final agency determination unless we find that it is not supported by substantial evidence in the record." (quoting *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005))). Review of an ALJ's decision "is

highly deferential" and "[t]he substantial-evidence threshold 'is not high.'" *Sisco v. Comm'r Soc. Sec.*, 840 F. App'x 685, 687 (3d Cir. 2020) (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019)). "Substantial evidence 'means—and means only—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."'" *Id.* (quoting *Biestek*, 587 U.S. at 103). Courts are bound by an ALJ's findings so long as they are supported by substantial evidence even if the court would have decided the matter differently. *See Taylor v. Comm'r of Soc. Sec.*, 826 F. App'x 224, 226 (3d Cir. 2020).

An ALJ must sufficiently develop the record and explain findings in order to permit meaningful review when the decision is read as a whole. *Cosme v. Comm'r Soc. Sec.*, 845 F. App'x 128, 132 (3d Cir. 2021). In so doing, an ALJ need not use any particular language or format. *Id.* Though there is deference afforded to the ALJ's evaluation of evidence, witnesses, and expert opinions, "remand is necessary 'where we cannot ascertain whether the ALJ truly considered competing evidence, and whether a [plaintiff's] conditions, individually and collectively, impacted' his ability to work." *Grier v. Comm'r Soc. Sec.*, 822 F. App'x 166, 170 (3d Cir. 2020) (quoting *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 506 (3d Cir. 2009)).

### III. THE ALJ DECISION

At step one, the ALJ found that plaintiff had not engaged in any substantial gainful activity. (ECF No. 3–2 p. 18.)

At step two, the ALJ determined that the effects of breast cancer and reconstructive surgery constitute severe impairments. (*Id.* pp. 18, 19.) The ALJ also concluded plaintiff's urinary incontinence, depression, and post-traumatic stress disorder to be severe impairments. (*Id.* p. 19.)

At step three, the ALJ considered various Listings and determined that plaintiff did "not have an impairment or combination of impairments that [met]

or medically equal[ed] the severity" of any of the impairments listed in the regulations.  (*Id.* pp. 19–20.)

At step four, the ALJ concluded that while plaintiff no longer had the RFC to resume her past relevant work as an accountant, she could perform light work, with certain exceptions, such as "standing/walking … and sitting up to [six] hours in an [eight] hour day." (*Id.* pp. 20–24.)  The ALJ explained that the record did not support plaintiff's allegations of "serious difficulties performing normal and work activities due primarily to symptoms related to breast cancer and breast cancer treatment." (*Id.* p. 21.)  Following plaintiff's cancer diagnoses in 2017 followed by radiation and recurrence in 2019 followed by reconstruction surgeries, there is "little evidence of disabling evidence." (*Id.*)  Plaintiff's records shows her urinary incontinence to have improved, and as to her mental health, plaintiff neither received treatment nor revealed significant abnormalities. (*Id.*)  The ALJ noted that while plaintiff likely experienced pain and fatigue while undergoing cancer treatment and post-surgery recovery, the record does not make "clear that she would have experienced persistent, disabling levels of fatigue" since treatment. (*Id.*)  For example, plaintiff's medical examinations made no reference to such fatigue and, instead, reported her as attempting to exercise and be active. (*Id.*)

At step five, the ALJ considered plaintiff's background, RFC, and vocational expert testimony to determine that "there were jobs that existed in significant numbers in the national economy" that plaintiff could perform "representative light, unskilled" occupations, such as office helper, a router, or mail clerk.  (*Id.* pp. 24, 25.)  Accordingly, the ALJ found that plaintiff was not disabled pursuant to the Social Security Act.

## IV. DISCUSSION

Plaintiff argues that the ALJ's determination should be reversed and remanded because the ALJ failed to support his RFC assessment with

substantial evidence. (ECF No. 8 (Mov. Br.) pp. 7–26.) Plaintiff also argues that because the ALJ's decision to deny benefits occurred at the fifth step of the evaluation process, the burden to produce substantial evidence shifts to the Commissioner. (*Id.* p. 17.) The Commissioner opposes, arguing that the ALJ's decision, which "critically assessed [p]laintiff's treatment, clinical findings, and subjective reports," is free from harmful error. (ECF No. 10 pp. 5, 6.)

"To assess the RFC, the ALJ must consider all relevant evidence from the record, which includes statements from medical sources and the claimant's own description of her limitations." *Morel v. Colvin*, No. 14–02934, 2016 WL 1270758, at *6 (D.N.J. Apr. 1, 2016). "The RFC assessment must be supported by a clear statement of the facts upon which the finding is based." *Id.* "If a claimant's symptoms "suggest a greater functional restriction than is demonstrated by the objective evidence alone, the Commissioner considers evidence such as the claimant's statements, daily activities, duration and frequency of pain, medication, and treatment." *Id.* (quoting *Landeta v. Comm'r of Soc. Sec.*, 191 F. App'x 105, 111 (3d Cir. 2006)). "The claimant need not be pain-free to be found 'not disabled' especially when her work issue requires a lower exertional level." *Id.*

"Although the ALJ is required to consider the [p]laintiff's subjective complaints of pain, the ALJ may reject these complaints when they are inconsistent with objective medical evidence in the record." *Id.* "The Third Circuit recognizes the 'acute need for some explanation by the ALJ when he has received relevant evidence or when there is conflicting probative evidence in the record.'" *Id.* (quoting *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981)). "The ALJ has discretion to evaluate [a plaintiff's] credibility and arrive at an independent judgment in regards to the true extent of the pain alleged given medical findings and other evidence." *Id.* "[I]f the ALJ determines that the

6

testimony is not credible, he must indicate the basis for his conclusion." *Id.* "Courts will defer to the ALJ's credibility determination because the ALJ had the opportunity to assess the witness' demeanor at a hearing." *Id.* "The substantial evidence standard entitles an ALJ to considerable deference, especially in credibility findings." *Id.* (quoting *Volage v. Astrue*, No. 11–04413, 2012 WL 4742373, at *7 (D.N.J. Oct. 1, 2012)).

I find that when assessing plaintiff's RFC, the ALJ thoroughly discussed plaintiff's medical history, self-reported limitations and abilities, hearing testimony, and medical reports. (ECF No. 3–2 pp. 20–24.) The ALJ began the RFC analysis by recounting plaintiff's breast cancer diagnosis and summarizing her treatment. (*Id.*) The ALJ reviewed her "unremarkable physical examination findings" and determined that her medical records established her conditions, including her incontinence and mental health, as having improved. (*Id.* p. 21.) Plaintiff argues that the "realities" of her condition, which "are virtually undeniable," support finding that the ALJ erred. (Mov. Br. pp. 16, 17.) Beyond noting that the vocational expert testified that no jobs would be available for an individual absent from work two days a month, plaintiff points to no evidence in the record that the ALJ overlooked or mischaracterized. (*See id.*)

Plaintiff correctly notes that during the February 18, 2022 hearing, the vocation expert explained in response to the ALJ's hypothetical question whether two absences a month from work due to plaintiff's medical condition would limit her job prospects that no should be available. (ECF No. 3–2 p. 53.) No evidence, however, supports a finding that plaintiff would be absent at least two days a month from work. Thus, the ALJ reasonably adopted the vocational expert's recommendation as to what occupations plaintiff could otherwise perform. (*See id.* pp. 24, 25, 54.) Accordingly, I find that the ALJ's decision is supported by substantial evidence and contains sufficient discussion

7

of the evidence and explanation of reasoning to enable meaningful review. *See Wellington W. v. Kijakazi*, No. 22–05042, 2023 WL 5551030, at *6 (D.N.J. Aug. 29, 2023) ("[T]he ALJ did not merely announce her RFC determination without providing any support or explanation. She appropriately evaluated the objective medical record."); *Jose S. v. Kijakazi*, No. 19–19077, 2023 WL 5125533, at *4 (D.N.J. Aug. 9, 2023) (finding that the ALJ's discussion of the objective medical evidence "indicates that his RFC determination is supported by substantial evidence and that it resulted from his 'careful consideration of the entire record'").

## V. CONCLUSION

For the reasons stated above, the Commissioner's decision denying plaintiff's application for benefits is **AFFIRMED**.

                                                     */s/ Edward S. Kiel*
                                                   **EDWARD S. KIEL**
                                                   **UNITED STATES DISTRICT JUDGE**

Dated: February 7, 2025